IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARIA MABEL MARTINEZ, on behalf of   )
herself and all other similarly situated persons,   )
  )
           Plaintiff,   )      COMPLAINT
  )
v.   )      CLASS ACTION
  )
RINCÓN LATINO, INC. d/b/a PLAZA   )
LATINA, EMIGDIO CASTRO, JOSÉ LIRA,   )      COLLECTIVE ACTION § 216(b)
HUMBERTO CASTRO PASTRANA, LAURA )      Civil Action No.:
CASTRO, and HOMERO ROMO,   )
  )
           Defendants.   )
_____ )

I.      <u>PRELIMINARY STATEMENT</u>

      1.      This is a collective action pursuant to the Fair Labor Standards Act ("FLSA"),

29 U.S.C. §216(b) by one former employee against a corporate Mexican food service and

restaurant enterprise of the defendant Rincón Latino, Inc. owned and operated by Emigdio

Castro, Humberto Castro Pastrana, José Lira, Homero Romo, Laura Castro, the spouse of

Homero Romo, along with other associates in and around Graham and Burlington, in

Alamance County, North Carolina.

      2.      The defendant corporation was and is part of a single business enterprise

owned and operated by its owner/officers defendants Emigdio Castro, Humberto Castro

Pastrana, José Lira, Homero Romo, and Homero's wife, Laura Castro, since at least 2003 in

one or more counties in North Carolina that are listed in 28 U.S.C. §§ 113(b). This action is

brought under the FLSA for unpaid overtime wages based upon the defendants' failure to pay the named plaintiff and the group of workers she seeks to represent in a collective action pursuant to 29 U.S.C. § 216(b) the wages they were due at the overtime rate required by 29 U.S.C. §207 when the defendants jointly and severally employed the plaintiff and that group of workers to perform hours worked in excess of forty hours in the same workweek.

3.      It is also a class action under N.C.Gen.Stat. §§ 95-25.2(16), 95-25.2(18), 95-25.6, 95-25.13(1)-(2), and 95-25.22(a)-(a1) and 95-25.22(d) of the NC Wage and Hour Act ("NCWHA") based upon the defendants' failure to pay promised wages at the rate of time and one-half their hourly rate of pay when those promised wages were due on the regular payday for the named Plaintiff and all those employees of the defendants' enterprise that she seeks to represent when the defendants promised that they would be compensated on an hourly basis for any hours worked over 40 hours in a given work week in the defendants' enterprise at the rate of time and a half their hourly rate.

4.      In the alternative, in the event that the plaintiff's employment by the defendants in excess of 40 hours in the same workweek is not covered by the FLSA, this action is brought under N.C.Gen.Stat. §§ 95-25.4 and 95-25.22(a)-(a1) of the NCWHA and the NCWHA statutes cited in ¶3 above of this Complaint based upon the defendants' failure to pay the named plaintiff all promised wages as described in ¶3 above and at the overtime rate required by N.C.Gen.Stat. § 95-25.4 that was disclosed to her and other similarly situated employees pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) and at the rate required by N.C.Gen.Stat. § 95-25.4 when those wages were due pursuant to N.C.Gen.Stat. § 95-25.6 of

2

the NCWHA for those workweeks in which the plaintiff and those other similarly situated employees worked in excess of forty hours in the same workweek.

5.      Based upon the claims described in ¶¶1-2 above under 29 U.S.C. § 207 of the Fair Labor Standards Act, the NCWHA claims under N.C.Gen.Stat. §§ 95-25.6 and 95-25.13(1)-(2) that are described in ¶3 above, and the plaintiff's alternative claim under N.C.Gen.Stat. §§ 95-25.4, 95-25.6, and 95-25.13(1)-(2) of the NCWHA that are described in ¶4 above, the named plaintiff, and the and the class and collective group of workers she seeks to represent under the NCWHA and FLSA seek payment of back wages and an equal amount of liquidated damages, attorney fees, interest, and costs under 29 U.S.C. §216(b) and N.C.Gen.Stat. §§95-25.22(a), (a1), and (d).

II.     JURISDICTION

6.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1337, 29 U.S.C. § 216(b), and 28 U.S.C. §1367(a).

7.      This Court has the power to grant declaratory relief pursuant to 28 U.S.C. Sections 2201 and 2202.

III.    VENUE

8.      Venue over this action lies in this Court pursuant to 28 U.S.C. §§1391(b) and 1391(c), and 29 U.S.C. Section 216(b).  The regular and substantial business activities of defendant Rincón Latino, Inc. ("Rincón") d/b/a Plaza Latina in an enterprise located in a substantial number of counties which fall within the jurisdiction of this court make Rincón subject to the personal jurisdiction of this court at the time this action was commenced.

Upon information and belief, defendants Emigdio Castro, Humberto Castro Pastrana, Homero Romo, and Laura Castro all reside in Alamance County, North Carolina. Upon information and belief, defendant José Lira resides in Guilford County, North Carolina. These five (5) same individual defendants are referred to as the "Latina Defendants" in this Complaint.

IV.    NAMED PLAINTIFF

9.    From before November 2016 and continuing through in or about October 2020, plaintiff Maria Mabel Martinez ("Martinez") worked for and was continuously employed on a fulltime basis in the Mexican food service and restaurant enterprise of Rincón doing business as Plaza Latina in Graham, North Carolina that was and is owned and operated by the Latina Defendants. During that entire time period, plaintiff Martinez was employed as a kitchen cook by those same defendants. During that same time period and continuing through the present date, plaintiff Martinez lived and continues to live in Alamance County, North Carolina.

V.    DEFENDANTS

10.    On September 11, 2003, defendant Rincón Latino, Inc. (hereinafter referred to as "Rincón") doing business as Plaza Latina (hereinafter referred to as "Plaza") was formed and continues to operate through the present date as a closely held, for profit corporation under the laws of the State of North Carolina with Emigdio Castro as its President, Humberto Castro Pastrana as its Secretary, José Lira and Homero Romo as its Vice Presidents, and Laura Castro, the wife of Homero Romo, as its money manager. During that same time period, Rincón's principal office and place of business and Plaza's

4

business as a Mexican grocery store and food service was and continues to be located at 502 West Elm Street in Graham, North Carolina 27253.

11.    Since at least September 11, 2004, defendants Emigdio Castro, Humberto Castro Pastrana, José Lira, Homero Romo, and Homero's wife, Laura Castro, have been the day-to-day managers and the owner-operators of the Rincón enterprise doing business as Plaza.

12.    At all times during that same time period, acting in their capacity as the five principals of the Rincón enterprise doing business as Plaza, the Latina Defendants were at least five management officers of the Rincón enterprise doing business as Plaza with both the budgetary authority and the authority to impose disciplinary action for any employee's violation of the company policies of the Rincón enterprise doing business as Plaza.

13.    Again at all times in that same time period, the Latina Defendants had and exercised the authority on a day to day basis to:

(a)    Determine the hourly rate of pay the Rincón enterprise doing business as Plaza would pay to the named plaintiff and the other employees that she seeks to represent.

(b)    Determine whether and, if so, on what basis the Rincón enterprise doing business as Plaza would pay on the regular Sunday payday any extra pay per hour to the named plaintiff and the other employees that she seeks to represent when the named plaintiff and those other employees worked more than 40 hours in the same workweek.

(c)    Determine the work assignments and hours to be worked by the named

5

plaintiff and the other employees that she seeks to represent for the Rincón enterprise doing business as Plaza.

(d)     Determine whether and on what basis the Rincón enterprise doing business as Plaza would count as hours worked the time that the named plaintiff and the other employees that the named plaintiff seeks to represent were engaged in activities on premises owned by one or more of the defendants as part of their work for one or more of the defendants.

(e)     Determine when and on what basis to terminate the employment of the Plaintiff and any other employee of the defendants' Rincon enterprise doing business as Plaza.

14.     The Rincón enterprise doing business as Plaza and the Latina Defendants jointly and severally suffered or permitted the plaintiff and approximately 50 other similarly situated employees that she seeks to represent to work for the Rincón enterprise doing business as Plaza and the Latina Defendants from in and after October 2016 through in or about the plaintiff's last date of employment in or about October 2020, and continuing thereafter through the date on which judgment is entered in this action for those other similarly situated employees.

15.     During the time period described in ¶14 above for the work performed by the plaintiff and those similarly situated employees described in that same paragraph, the Rincón enterprise doing business as Plaza and the Latina Defendants paid the plaintiff and

those similarly situated employees by the hour at a straight hourly rate regardless of the number of hours of work she and those other similarly situated workers performed in the same workweek for the Rincón enterprise doing business as Plaza and the Latina Defendants.

16. From in or and after about October 2016, the Rincón enterprise doing business as Plaza and the Latina Defendants paid the named plaintiff at a straight hourly rate starting at $7.25 per hour back in October 2016, and increasing until the plaintiff's hourly rate was $11 per hour at the time that her employment was terminated by the defendants in or about October 2020.

17. The registered agent for service of process on Rincón is Emigdio Castro, 502 West Elm Street, Graham, North Carolina 27253.

18. During each of the four chronological years immediately preceding the date on which this action was filed and for all of the time periods described in ¶¶9-16 above, and ¶¶19-21(a) and 28-33 below, upon information and belief, the plaintiff and the employees that she seeks to represent were and/or are employed in an enterprise that was owned and/or operated by one or more of the defendants that:

(a) had and has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by some person or entity other than one of the defendants, and

(b) is and for each chronological year starting with October 1, 2017 and continuing through the present date, was an enterprise whose annual gross volume of sales

7

made or business done is and was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

VI.    FLSA STATUTORY CLASS ACTION ALLEGATIONS

19.    The named plaintiff maintains this collective action against all of the defendants, jointly and severally, for and on behalf of herself and all other similarly situated current and/or former joint employees of the defendants who jointly and regularly employed them and those other similarly situated persons to perform hours worked in excess of 40 hours in the same workweek as part of their work for one or more of those same defendants when the named plaintiff and those similarly situated employees were or will not be paid at the overtime rate required by 29 U.S.C. § 207(a)(1) for all hours worked over 40 in the same workweek.

20.    The time period and employees covered by the collective action alleged in ¶19 above is for each workweek ending in the three chronological years immediately preceding the date on which this action was filed and continuing thereafter ending on the date final judgment in this action is entered by a U.S. District Court pursuant to the statutory class action procedure specified at 29 U.S.C. §216(b) for each such similarly situated current and/or former employee of the defendants in that same time period who files, will file, or who has filed a written consent to be a party to this action that is required by 29 U.S.C. §216(b) within the applicable statute of limitation(s) for any such workweek.

VII.    FIRST RULE 23(b)(3) CLASS (NCWHA §§ 95-25.6 & 95-25.13(1)-(2))

21.    The named plaintiff seeks to represent a class of persons under Rule 23(b)(3),

Fed. R. Civ. P., for back wages and liquidated damages under N.C. Gen. Stat. §§ 95-25.2(16), 95-25.2(18), 95-25.6, 95-25.13(1)-(2), and 95-25.22, and 13 NCAC Tit. 12 §§ .0803 and .0805 that consists of the named plaintiff and all other similarly situated current and/or former persons whom the defendants jointly and severally employed in the defendants' enterprise described in ¶¶9-17 above who were compensated on an hourly wage basis rather than on a salary basis, and who were promised wages for any hours worked over 40 hours in a given work week at the rate of time and a half, and

(a)     Who were, are and/or shall be jointly or severally employed by one or more of the defendants to perform hours worked more than forty (40) hours in the same workweek performing that same work when they were paid according to the number of hours worked at a straight hourly rate without promised wages at the rate of time and a half.

22.     On information and belief, the class defined in ¶¶21 and 21(a) above of this complaint consists of in excess of 40 persons. Joinder of all class members would be impracticable if not impossible based upon the extreme geographic dispersion of many of the class members many of whom are former employees of the defendants.

23.     The questions of law or fact which are common to the members of this class, and which predominate over any other questions affecting the individual members of this class under Rule 23(b)(3), Fed.R.Civ.P., are: (a) Whether the Latina Defendants jointly operated the enterprise that is alleged and described in ¶¶9-17 above of this complaint? (b) Whether the defendants jointly and severally suffered or permitted the named plaintiff and the class members defined in ¶¶21 and 21(a) above that she seeks to represent to work for

the Rincon enterprise doing business as Plaza Latina that is described in ¶¶9-17 above? (c) For the work described in ¶¶21 and 21(a) above, did one or more of the defendants disclose pursuant to N.C.Gen.Stat. §§ 95.25.2(16), 95-25.2(18), 95-25.6, 95-25.13(1)-(2), 95-25.15(c), and 13 NCAC § 12.0803 to the named plaintiff and the members of the class defined in ¶¶21 and 21(a) above that the named plaintiff seeks to represent that the defendants would pay promised wages for all hours worked over 40 hours in a given work week will be paid at the rate of time and one half to all employees who were paid at an hourly rate of pay, and instructing them to use the company timekeeping system in order to be paid, or not paid, for any hours worked; and (d) whether the records of the defendants demonstrate that the named plaintiff and the putative members of the class defined in ¶¶21 and 21(a) above performed hours worked in excess of forty (40) hours in the same workweek for which they were not fully paid all wages when due on their regular weekly payday?

24.    The claim of the named plaintiff is typical of the claims of the class of persons defined in ¶¶21 and 21(a) above in that the defendants jointly and severally employed her and those class members defined in ¶¶21 and 21(a) above in the enterprise described in ¶¶9-17 above to perform hours worked in excess of 40 hours in the same workweek to perform work in the kitchen and other work in the food service and restaurant establishments of the defendants located in Graham and Burlington, North Carolina and failed to pay her and those same putative class members promised wages in the amount that those weekly wages were due at their promised hourly rate of wages at time and a half for

10

each hour or part of an hour(s) worked that the defendants jointly and severally employed the named plaintiff and those same class members she seeks to represent to perform that work when it was for hours worked over 40 hours in a given workweek.

25.    The named plaintiff will fairly and adequately represent the interests of the class of persons defined in ¶¶21 and 21(a) above of this complaint.  The undersigned counsel for the named plaintiff is experienced litigators who have been name counsel for many class actions.

26.    Plaintiff's counsel is prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the members of the class defined in ¶¶21 and 21(a) under Rule 23(b)(3).

27.    A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia*:

(a)    The common issues of law and fact, as well as the relatively small size of the individual claims of each member of the class defined in ¶¶21 and 21(a) above substantially diminish the interest of members of the class defined in ¶¶21 and 21(a) to individually control the prosecution of separate actions;

(b)    Many members of the class defined in ¶¶21 and 21(a) are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

(c)    Upon information and belief, there is no pending litigation against the corporate and individual defendants named in this action by the members of the class defined in ¶¶21 and 21(a) above to determine the questions presented, and, upon

11

information and belief, the NCWHA claims alleged in this action have not been the subject of any previous litigation under the NCWHA;

(d)     It is desirable that the claims be heard in this forum because the corporate defendant's sole permanent office is located in this district, the three individual defendants reside in this district, and the cause of action arose in this district;

(e)     A class action can be managed without undue difficulty because all defendants regularly committed the violations complained of herein, and were required to and did maintain detailed records concerning each member of the class defined in ¶¶21 and 21(a) above.

VIII.   <u>FACTUAL ALLEGATIONS</u>

28.     At all times relevant to this complaint, the Latina Defendants owned Rincón doing business as Plaza, and, upon information and belief, operated and used Rincón doing business as Plaza without observing any corporate formalities to effect the commercial and personal goals of the Latina Defendants.

29.     For varying periods of time after October 1, 2016, as alleged in ¶13 above, all of the Latina Defendants exercised day to day control and supervision over the work that the plaintiff and the members of the collective action defined in ¶¶19-20 above and the members of the classes defined in ¶¶21 and 21(a) above performed for the Rincón enterprise doing business as Plaza and the Latina Defendants.

30.     The plaintiff and the members of the collective action defined in ¶¶19-20 above and the class defined in ¶¶21 and 21(a) above were and will be employed by the

defendants as described and alleged in ¶¶9-21(a) above in and around Alamance County, North Carolina. As part of their work for the defendants during a substantial number of pay periods and workweeks during the time periods alleged in ¶¶9-21(a), above, the plaintiff and the members of that collective action and class action worked and will work in excess of fifty hours per work week and pay period with the knowledge of the defendants. Those workweeks in which the plaintiff and the members of that collective action and class action worked and will work in excess of fifty hours per work week and pay period with the knowledge of the defendants included, but are not limited to, every workweek that ended in the month of September and October 2020.

31. The amount of the wages that the plaintiff and her similarly situated employees received from the defendants in the form of wages at the time that those wages were due and/or paid at the end of each of those work weeks and/or pay periods described in ¶¶19-20 above of this complaint for the hours of work in excess of forty (40) actually performed during each of those same workweeks and pay periods during that same time period did not include any overtime premium in addition to the regular hourly rate of the plaintiff and other similarly situated employees ranging from $7.25/hour to $11/hour for the named plaintiff and more per hour for other similarly situated employees, and were substantially less than that required by the overtime wage provisions set forth in 29 U.S.C. §207(a)(1) for virtually every workweek in the time periods alleged in ¶¶9 and 19-20 above, and for every workweek ending in the months of September and October 2020.

32. The amount of promised wages that the plaintiff and the members of the class

defined in ¶¶21 and 21(a) above received from the defendants in the form of wages at the time that those wages were due and/or paid on their regular payday after the end of each of those workweeks and/or pay periods described in ¶¶21, 21(a), and 31 above was less than what the defendants disclosed they would pay to the plaintiff and the members of that class and which were required by N.C.Gen.Stat. §95-25.4 in the event that Rincón doing business as Plaza was not an employer covered by the FLSA.

33.     The amount of promised wages that the plaintiff and the members of the class defined in ¶¶21 and 21(a) above received from the defendants in the form of wages at the time that those wages were due and/or paid at the end of each of those workweeks and/or pay periods described in ¶¶21, 21(a), and 31 above was less than what the defendants disclosed to the plaintiff and the members of that class pursuant to N.C.Gen.Stat. § 95-25.15(c).

34.     In October 2020, Rincón doing business as Plaza, acting by and through one or more of the Latina Defendants, terminated the plaintiff's employment.

35.     The defendants did not keep or maintain any accurate payroll records for hours worked with respect to the defendants' employment of the named plaintiff and the members of the collective action defined in ¶¶19-20 above and the members of the class action defined in ¶¶21 and 21(a) above in the manner and with the information described or required by 29 U.S.C. §211(c) and the U.S. Department of Labor regulations promulgated under the Fair Labor Standards Act with respect to each of those time periods and workweeks described in ¶¶9-16, 19-20, 21, and 21(a) above of this complaint when the

named plaintiff and the members of the collective and class actions defined in ¶¶19-21(a) above were and will be employed to work in North Carolina.

36.     During all of those same workweeks described in ¶¶13(a)-(e), 21, 21(a), and 32-33, inclusive, above, the named plaintiff and the class of similarly situated employees defined in ¶¶9, 21, and 21(a) above had and have an express or implied agreement with the defendants that one or more of the defendants would pay them all promised wages when those wages were due on the regular payday for those wages at the rate and for the hours worked that the defendants disclosed to them pursuant to N.C.Gen.Stat. § 95-25.13(1)-(2) for all hours worked that the named plaintiff and those same similarly situated employees performed for defendants in the defendants' enterprise as alleged above.

37.     The defendants have not complied and, upon information and belief, will not comply with the express or implied agreement described in ¶36 above, and by failing to comply, has failed to pay the named plaintiff and the class of similarly situated employees defined in ¶¶21 and 21(a) above all of the promised wages that the named plaintiff and that same class of similarly situated employees were and are due when those promised wages were due on their regular payday in violation of G.S. §§ 95-25.2(16), 95-25.6, and 95-25.13(2), and 13 NCAC § 12.0803.

38.     Long before 2015, each of the defendants was and continues to be an experienced employer who was and continues to be familiar with the FLSA and the NCWHA, and the requirements of both of those statutes with respect to what they require and required with respect to the wage rate to be paid for work in excess of forty (40) hours

15

in the same workweek, and what is and was considered to be the regular rate at which an employee is employed under the FLSA and the NCWHA. The defendants acted in reckless and willful disregard of the requirements of the FLSA with respect to these matters, and as a consequence of this willful and reckless disregard of the rights of the plaintiff and the members of the collective action defined in ¶¶19-20 to payment of wages at the overtime rate required by 29 U.S.C. § 207(a) have been violated for the entire three-year time period immediately preceding the date on which this action was filed.

IX.    FIRST CLAIM FOR RELIEF (FLSA)

39.    Paragraphs 6 through 20, 28-31, 35, and 38, inclusive, above are realleged and incorporated herein by reference by the plaintiff Maria Mabel Martinez and the members of the collective action defined in ¶¶19-20 above against all defendants, jointly and severally, pursuant to Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

40.    The defendants did not pay all wages due to the named plaintiff and the members of the collective group of persons defined in ¶¶19-20 above of this complaint that the named plaintiff seeks to represent under 29 U.S.C. §216(b) at the rate required by 29 U.S.C. § 207(a) for the work described in ¶¶9-16, 18-20, and ¶¶28-21, inclusive, above of this Complaint that was part of the defendants' enterprise that is described in ¶¶9-18 above.

41.    As a result of the willful and reckless disregard of the rights of the plaintiff and the members of the collective action defined in ¶¶19-20 above to payment of wages at the overtime rate required and described in 29 U.S.C. § 207(a), the named plaintiff and each such collective action member have suffered damages in the form of unpaid wages and

16

liquidated damages that may be recovered under 29 U.S.C. §216(b).

X.    SECOND CLAIM FOR RELIEF (NCWHA § 95-25.6 claim)

42.    Paragraphs 6 through 17, 21-30, and 32-37, inclusive, above are realleged and incorporated herein by reference by named plaintiff Maria Mabel Martinez and the class of employees defined in ¶¶21 and 21(a) above pursuant to N.C.Gen.Stat. §§ 95-25.2(16), 95-25.6, 95-25.13(1)-(2), 95-25.22(a) and (a1), and 13 NCAC § 12.0803.

43.    Pursuant to N.C.Gen.Stat. § 95-25.15(c) and 95-25.13(2), the defendants notified the named plaintiff and the members of the class defined in ¶¶21 and 21(a) of the defendants' employment practices and policies with regard to promised wages.

44.    That notification included written notice that the plaintiff and employees of the defendants would be paid at the rate of time and a half for any hours worked over 40 hours in a given work week for the named plaintiff and the class defined in ¶¶21 and 21(a) above who were employed and compensated for performing hourly wage positions that were not exempt from the overtime provisions per the Fair Labor Standards Act (FLSA) exemption test.

45.    The named plaintiff and the members of the class defined in ¶¶21 and 21(a) above were and/or will all employed by the defendants to work for a substantial number of workweeks in excess of forty (40) hours per work week whom the defendants employed and compensated for performing an hourly wage positions but who were not paid at the rate of time and a half for all hours they worked over 40 hours in a given work week when those wages were due in violation of N.C.Gen.Stat. § 95-25.6 and the notice that the defendants

gave to the named plaintiff and the members of that same class pursuant to N.C.Gen.Stat. §§ 95-25.13(2) and 95-25.15(c).

46.     As a result of these actions of the defendants, the named plaintiff and the members of the class defined in ¶¶21 and 21(a) have suffered damages in the form of unpaid wages, interest on those unpaid wages, and liquidated damages that may be recovered under N.C.Gen.Stat. §§95-25.22(a) and (a1).

XI.     THIRD CLAIM FOR RELIEF (Alternative NCWHA Overtime Claim )

47.     In the alternative to the First Claim for Relief alleged in ¶¶39-41 above of the complaint, in the event that the defendants' employment of the named plaintiff and collective action defined in ¶¶19-20 is not covered by the FLSA, ¶¶6 through 17, 21, 21(a), 28-30, and 32-37, inclusive, above are realleged and incorporated herein by reference by the named plaintiff against all defendants under N.C.Gen.Stat. §§ 95-25.4, 95-25.22(a), 95-25.22(a1), and 95-25.22(d) of the NCWHA.

48.     The defendants did not pay and will not pay all wages due when those wages were and will be due at the rate required by N.C.Gen.Stat. § 95-25.4 to the named plaintiff for the work described in ¶¶9-17, 21, 21(a), 28-30, and 32-37, inclusive, above of this Complaint in violation of N.C.Gen.Stat. §§ 95-25.4 and 95-25.6.

49.     As a result of these actions of the defendants in violation of the rights of the named plaintiff and all of the persons described in ¶¶21 and 21(a) above under N.C.Gen.Stat. §§ 95-25.4 and 95-25.6, the named plaintiff and the members of the class described in ¶¶21 and 21(a) above have suffered damages in the form of unpaid wages,

18

interest on those unpaid wages, and liquidated damages that may be recovered under N.C.Gen.Stat. §§95-25.22(a) and 95-25.22(a1).

XII.    CLAIM FOR DECLARATORY RELIEF

50.    Paragraphs 6 through 49 above are realleged and incorporated herein by reference by the named plaintiff.

51.    The parties to this action are in dispute as to their respective rights, privileges and/or obligations under the Fair Labor Standards Act and the North Carolina Wage and Hour Act, and require declaratory relief as to what those respective rights, privileges, and/or obligations are.

WHEREFORE Plaintiff Maria Mabel Martinez respectfully requests that the Court:

(a)    Grant a jury trial on all issues so triable;

(b)    Declare that the defendants have violated their obligations under the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.*, and the North Carolina Wage and Hour Act, G.S. §§95-25.1 et seq., to pay the named plaintiff and the members of the collective and class actions she seeks to represent weekly wages when those wages were due on their regular payday in the amount and at the rate of promised wages, regular wages, and wages for workweeks in which they worked more than 40 hours in the same workweek as required by the Fair Labor Standards Act and the NC Wage and Hour Act;

(c)    Enter judgment against defendants Rincón Latino, Inc., Emigdio Castro, Humberto Castro Pastrana, José Lira, Homero Romo, and Laura Castro, the spouse of Homero Romo, jointly and severally, and in favor of the named plaintiff and each member

of the collective action defined in ¶¶19-20 above for compensatory damages against those same defendants under the First Claim for Relief in an amount equal to the total of the unpaid overtime wages due the named plaintiff and each member of that same FLSA collective action under 29 U.S.C. §§ 207 and 216(b) for the work described in paragraphs 9-20, 28-31, 35, and 38, inclusive, above of this complaint, plus an equal additional amount as liquidated damages under 29 U.S.C. Section 216(b);

(d)     Enter judgment against defendants Rincón Latino, Inc., Emigdio Castro, Humberto Castro Pastrana, José Lira, Homero Romo, and Laura Castro, the spouse of Homero Romo, jointly and severally, and in favor of the named plaintiff and each member of the class action defined in ¶¶21, and 21(a) above for compensatory damages against those same defendants under the Second Claim for Relief in an amount equal to the total of the unpaid overtime wages due the named plaintiff and each member of that same NCWHA class action under N.C.Gen.Stat. §§ 95-25.2(16), 95-25.6, 95-25.13(1)-(2), and 95-25.22(a), and 13 NCAC § 12.0803 for the work described in paragraphs 9-17, 21-30, and 32-37, inclusive, above of this complaint, plus an equal additional amount as liquidated damages under N.C.Gen.Stat. § 95-25.22(a1);

(e)     In the event that the employment of the plaintiff and the members of the collective action alleged in ¶¶19-20 above is not employment covered by the FLSA, enter judgment against defendants Rincón Latino, Inc., Emigdio Castro, Humberto Castro Pastrana, José Lira, Homero Romo, and Laura Castro, the spouse of Homero Romo, jointly and severally, and in favor of the named plaintiff and each member of the class described in

20

¶¶21 and 21(a) above for compensatory damages against those same defendants under the Third Claim for Relief in an amount equal to the total of the unpaid overtime wages due the named plaintiff and each member of that same NCWHA class action under N.C.Gen.Stat. §§ 95-25.4, and 95-25.22(a), for the work described in paragraphs 9-17, 21-30, and 32-37, inclusive, above of this complaint, plus an equal additional amount as liquidated damages under N.C.Gen.Stat. § 95-25.22(a1);

(f)     Award to the named plaintiff and each member of the class described in ¶¶21 and 21(a) and against the defendants Rincón Latino, Inc., Emigdio Castro, Humberto Castro Pastrana, José Lira, Homero Romo, and Laura Castro, the spouse of Homero Romo, jointly and severally, prejudgment and post judgment interest at the highest amount authorized by applicable law on the amount of monetary damages requested in paragraphs (d) through (e) of this Prayer for Relief based upon such date(s) as may be appropriate under applicable law;

(g)     Award the named plaintiff and each member of the collective action and class described in ¶¶19-20 and 21 and 21(a) and against the defendants Rincón Latino, Inc., Emigdio Castro, Humberto Castro Pastrana, José Lira, Homero Romo, and Laura Castro, the spouse of Homero Romo, jointly and severally, a reasonable attorney's fees and the costs of this action pursuant to 29 U.S.C. § 216(b) and N.C.Gen.Stat. § 95-25.22(d);

(h)     Award such other relief as may be just and proper in this action.

This the 12th day of January, 2022.

LAW OFFICE OF ROBERT J. WILLIS, P.A.

BY:/s/<u>Robert J. Willis</u>
Robert J. Willis
Attorney at Law
NC Bar #10730
(mailing address)
P.O. Box 1828
Pittsboro, NC  27312
Tel:(919)821-9031
Fax:(919)821-1763
488 Thompson Street
Pittsboro, NC  27312
rwillis@rjwillis-law.com

Chris W. Haaf
Chris Haaf Law PLLC
NC Bar #46077
2806 Reynolda Road #123
Winston-Salem, NC 27106
Tel: (336) 354-7643
chris@haaflegal.com

*Co-Counsel for Plaintiff*

22

**CONSENT TO SUE**

I, Maria Mabel Martinez, hereby consent to be a party under 29 U.S.C. §216(b) to this lawsuit to assert my right to the lawful wage required by the Fair Labor Standards Act.

_____
SIGNATURE

1-13-2022
_____
DATE