IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MARIA MABEL MARTINEZ, on behalf of herself and all other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>RINCÓN LATINO, INC. d/b/a PLAZA LATINA, EMIGDIO CASTRO, JOSÉ LIRA, HUMBERTO CASTRO PASTRANA, LAURA CASTRO, and HOMERO ROMO,<br><br>Defendants. | CLASS ACTION<br><br>COLLECTIVE ACTION<br>29 U.S.C. § 216(b)<br><br>Civil Action No.:<br>1:22-cv-00032-WO-JEP |

**JOINT BRIEF IN SUPPORT OF JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE**

I. <u>STATEMENT OF THE CASE AND RELEVANT FACTS</u>

Plaintiff, a food service worker from Graham, North Carolina, filed a Complaint in this matter on behalf of themselves and other similarly situated employees alleging that Defendants' pay practices violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et. seq.*, and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.4 and 95-25.6. Specifically, Plaintiff alleged that Defendants failed to pay her and other similarly situated employees at the overtime rate required by the FLSA (First Claim for Relief) and at the promised rate under the NCWHA (Second Claim for Relief) for each hour worked. For the FLSA claim, the plaintiff sought to have this claim conditionally certified as a collective action under 29 U.S.C. § 216(b). Doc. #1 at 8 (¶¶19-20). For the NCWHA claim, the plaintiff sought to have that claim certified as a class action claim under Rule 23(b)(3), Fed.R.Civ.P. *Id.* at 8-12 (¶¶21-27).

Soon after the defendants were served in this action, all parties began to communicate about the possible settlement of the plaintiffs' claims. As a result of several weeks of discussions, the Parties were able to settle this matter on July 20, 2022. The Parties reached a settlement agreement that is designed to avoid the cost, length and uncertainty of litigation. The Parties now respectfully request the Court approve the terms of this new Settlement Agreement, a copy of which is attached to the Joint Motion Settlement Agreement and Dismissal With Prejudice as Exhibit A, dismiss this case with prejudice, and retain jurisdiction for a limited time for the limited purpose of enforcing the terms of the Parties' settlement agreement.

II. QUESTIONS PRESENTED

A. Should this Court approve the Settlement Agreement pursuant to the standards set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)("*Lynn's Food Stores*"), and *Ford v. Cardinal Innovations Healthcare Sols.*, 2022 U.S. Dist. LEXIS 35052, 2022 WL 558376 (M.D.N.C. Jan. 21, 2022)("*Ford*")?

B. Should this Court approve the Settlement Agreement pursuant to the standard set forth in *Shelton v. Pargo,* 582 F2d 1298 (4th Circuit 1978)?

III. ARGUMENT

Because this is a settlement agreement in a case for which a claim for class certification has been made but not yet ruled upon the parties have addressed the Court's obligations under *Shelton v. Pargo, Inc.*, 582 F2d 1298 (4th Circuit 1978)("*Shelton v. Pargo*"). *Shelton v. Pargo, Inc.*, *supra*, speaks to the Court's responsibilities in approving a settlement agreement in those circumstances.

Pursuant to *Shelton*, a court in a circumstance such as that before this Court, must first "determine what 'claims are being compromised' between a plaintiff and defendant and whether the settling plaintiff has used the class action claim for unfair person aggrandizement in the settlement with prejudice to absent putative class members." *Shelton*, 582 F.2d at 1302-07. As the *Shelton* court acknowledged, if the settlement is in the pre-certification stage, the absent class members are not legally bound by its terms; therefore, this Court reasonably should give less weight to the possibility of prejudice to the absent putative class members. *Shelton*, 582 F.2d at 1303-04. The Court is to focus on whether there was collusion in effectuating the settlement. *Id.*, 582 F.2d at 1305-06. In so doing, the District Court must carefully review the terms of the settlement agreement with particular emphasis on the amount paid the Plaintiff and the Plaintiff's counsel. In this case, the attached Declaration of Plaintiffs' Counsel makes it clear that there has been no collusion by the parties nor is any exorbitant compensation to be paid to either the named plaintiff or their counsel given the work the named plaintiff performed for the defendants and the work that plaintiff's counsel has performed in this case.

Further, a review of the amount allegedly owed to the named Plaintiff in this litigation confirms that the Plaintiff is not receiving an extraordinary windfall and have not benefitted from "personal aggrandizement" as a result of stepping forward as the representative parties in this litigation. Indeed, the payment to the named Plaintiff is completely consistent with the available remedies under the applicable statutes in this matter. This Settlement Agreement confirms that the total settlement amount is $689.95. The payment to the Plaintiff in this litigation is $100.00, which is not extraordinary or

exceed a reasonable settlement amount given the fact that the Plaintiffs have stepped forward as the designated class representatives and there are also state law claims being resolved as a part of the settlement currently before this Court. Further, the modest sum involved provides ample evidence that, consistent with *Shelton vs. Pargo*, *supra*, the settlement is proper and no collusion exists between the Plaintiff, Plaintiff's Counsel and the Defendants and their Counsel.

In addition, consistent with relevant jurisprudence concerning the settlement of FLSA claims the parties have considered and addressed each of the factors identified in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)("*Lynn's Food Stores*"), and *Ford v. Cardinal Innovations Healthcare Sols.*, 2022 U.S. Dist. LEXIS 35052, 2022 WL 558376 (M.D.N.C. Jan. 21, 2022)("*Ford*").

Under *Lynn's Food Stores*, the court is to "determine that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provision." *Lynn's Food Stores, Inc. v. United States*, 679 F2d 1350, 1355 (11th Cir. 1982)). When considering a motion to approve a FLSA settlement, courts often consider the following factors: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; and (5) the probability of plaintiffs' success on the merits and (6) the amount of the settlement in relation to the potential discovery. *Ford*, *supra*, 2022 U.S. Dist. LEXIS 35052, at *3. The *Ford* factors are addressed in the Declaration by Robert J. Willis that is submitted in support of this Joint Brief. First, the Declaration of Mr. Willis

4

confirms, and the Court file reflects, that settlement had not taken place at the time the parties entered into the first settlement agreement and the matter was in very early stages as demonstrated by the fact that neither of the defendants had filed an Answer to the plaintiffs' Complaint.  Indeed, the parties were not even at issue on these claims.  As noted in the Declaration of Robert Willis, there was no collusion between the parties or fraud in the settlement.  It was the settlement of a legitimately disputed claim at a legitimate and reasonable amount that was clearly negotiated at arms length.  The Declaration of Robert Willis also confirms that counsel for the plaintiff agreed to completely waive counsel fees and only sought the clearly recoverable costs that are set forth in the Settlement Agreement copied in Exhibit A attached to the Joint Motion and without regard to the amounts to be paid to the named plaintiff.

The Declaration of Mr. Willis confirms that he has many years of experience negotiating Fair Labor Standards Act claims.  The uncontested evidence before this Court is that Mr. Willis has been litigating FLSA claims for in excess of three decades.

While it is difficult to ever predict the likelihood of success on the merits of any claim, the Declaration of Mr. Willis confirms that the Plaintiff's likelihood of success beyond the one workweek ending August 31, 2019 were minimal.  As a result, it seems clear that from both the defense and Plaintiff's perspective, this matter was settled at a fair and reasonable amount.

As a result, the parties to this litigation respectfully request through this Joint Motion for Approval of the Settlement Agreement and Dismissal with Prejudice that the Court find sufficient basis in the record to approve the settlement and enter the attached

proposed order approving the settlement as agreed by the parties and dismissing this matter with prejudice.

Respectfully submitted this the 8th day of December, 2022.

LAW OFFICE OF ROBERT J. WILLIS, P.A.

BY: /s/Robert J. Willis
Robert J. Willis
Attorney at Law
NC Bar #10730
P.O. Box 1828
Pittsboro, NC 27312
Tel:(919)821-9031
Fax:(919)821-1763
rwillis@rjwillis-law.com

CHRIS HAAF LAW PLLC
BY:/s/ Chris W. Haaf
Chris W. Haaf
NC Bar #46077
2806 Reynolda Road #123
Winston-Salem, NC 27106
Tel: (336) 354-7643
Fax: (336) 770-2781
chris@haaflegal.com
Co-Counsel for Plaintiff

MEYNARDIE & NANNEY, PLLC
By: /s/Joseph H. Nanney, Jr.
Joseph H. Nanney, Jr.
NC Bar #18355
5700 Six Forks Road, Suite 201
Raleigh, NC 27609
Tel: 919.747.7374
Fax:919.324.6590
joe@mnlaw-nc.com
Counsel for Defendants

## CERTIFICATE OF WORD COUNT

The undersigned certifies that this Brief complies with Local Rule 7.3(d)(1).

        LAW OFFICE OF ROBERT J. WILLIS, P.A.

        BY:   <u>/s/Robert J. Willis</u>
        Robert J. Willis
        Attorney at Law
        NC Bar #10730
        P.O. Box 1828
        Pittsboro, NC 27312
        Tel:(919)821-9031
        Fax:(919)821-1763
        rwillis@rjwillis-law.com

7

Case 1:22-cv-00032-WO-JEP   Document 30   Filed 12/08/22   Page 7 of 8

**CERTIFICATE OF SERVICE**

I hereby certify that on 8th day of December 2022 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Joseph H. Nanney, Jr., Esq. at joe@mnlaw-nc.com.

This the 8th day of December 2022.

/s/ Chris W. Haaf<br>
Attorney at Law

8

Case 1:22-cv-00032-WO-JEP    Document 30    Filed 12/08/22    Page 8 of 8