IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARIA MABEL MARTINEZ )
and behalf of herself and all )
other similarly situated )
persons )
 )
      Plaintiffs, )
 )
v. ) 1:22-cv-0032
 )
RINCON LATINO, INC., )
EMIGDIO CASTRO, JOSE LIRA, )
HUMBERTO CASTRO PASTRANA, )
LAURA CASTRO, and HOMERO ROMO, )
 )
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Before this court is the parties' Joint Motion to Approve Settlement Agreement and Dismissal with Prejudice. (Doc. 29). This motion has been filed jointly by Plaintiff Maria Mabel Martinez and Defendants Rincón Latino, Inc. d/b/a Plaza Latina, Emigdio Castro, José Lira, Humberto Castro Pastrana, Laura Castro, and Homero Romo ("Defendants"). (Id.) For the foregoing reasons, this motion will be granted.

I. **Analysis**

When an employee brings an action against her employer to recover back wages under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b), the district court must review the settlement. Lynn's Food Stores, Inc. v. United States, 679 F.2d

1350, 1353 (11th Cir. 1982). The district court must determine whether the settlement resolves a bona fide dispute between the parties and whether it constitutes a fair and reasonable resolution of the conflict. Id. at 1355; Taylor v. Progress Energy, Inc., 493 F.3d 454, 460 (4th Cir. 2007), superseded on other grounds as recognized by Whiting v. The Johns Hopkins Hosp., 416 F. App'x 312, 316 (4th Cir. 2011).

Additionally, the FLSA authorizes the district court to award "a reasonable attorney's fee to be paid by the defendant, and costs of the action," in addition to the Plaintiff's recovery. 21 U.S.C. § 216(b).

This court finds both that the settlement agreement resolves a bona fide dispute and that the settlement agreement is fair and reasonable. Additionally, because Plaintiff's counsel waived attorneys' fees and only sought actual costs, (see Doc. 30 at 5), this court need not address whether attorneys' fees are reasonable under the FLSA. Thus, this court will approve the settlement agreement.

A. **Bona Fide Dispute**

A bona fide dispute exists when "there is some doubt whether the plaintiff would succeed on the merits at trial." Kirkpatrick v. Cardinal Innovations Healthcare Sols., 352 F. Supp. 3d 499, 502 (M.D.N.C. 2018) (quoting Hall v. Higher One

Machines, Inc., No. 5-15-CV-670-F, 2016 WL 5416582, at *6 (E.D.N.C. Sept. 26, 2016)). District courts review the pleadings and proposed settlement agreement to determine if a bona fide dispute exists. See id. (citing Duprey v. Scotts Co., 30 F. Supp. 3d 404, 408 (D. Md. 2014)).

Here, the FLSA claims and the North Carolina Wage and Hour Act ("NCWHA") claims at issue constitute a bona fide dispute. Plaintiff's counsel reviewed Defendant Rincón Latino, Inc. d/b/a Plaza Latina's payroll records and concluded that Plaintiff Maria Mabel Martinez was owed back pay for the workweek ending on August 31, 2019. (Doc. 30-1 at 3.) Although Plaintiff's counsel also concluded that there was insufficient evidence to proceed with Plaintiff's claims for unpaid wages for any other workweek, this court finds that unpaid wages owed to Plaintiff for the workweek ending on August 31, 2019 does constitute a bona fide dispute. (Doc. 30-1 at 3-4.) Thus, the settlement agreement would resolve a bona fide dispute between the parties.

B.  **Fairness and Reasonableness**

Once a court determines there is a bona fide disagreement, it must decide whether the parties' proposed settlement agreement is fair and reasonable. See Lynn's Food Stores, 679 F.2d at 1355; see also Taylor, 493 F.3d at 460. The Fourth Circuit has not directly addressed which factors courts should

consider when making this assessment. <u>Kirkpatrick</u>, 352 F. Supp. 3d at 502. However, district courts generally look to the fairness factors under Federal Rule of Civil Procedure 23(c). <u>Id.</u> Some courts have cited the following six factors:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits and (6) the amount of the settlement in relation to the potential recovery.

<u>Id.</u> at 502-03 (citing <u>Hargrove v. Ryla Teleservices, Inc.</u>, No. 2:11cv344, 2013 WL 1897027, at *2 (E.D. Va. 2013)). In evaluating these elements, "[t]here is a strong presumption in favor of finding a settlement fair . . . ." <u>Lomascolo v. Parsons Brinckerhoff, Inc.</u>, No. 1:08CV1310(AJT/JFA), 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009) (citation omitted).

The present settlement agreement provides that Defendants "will pay a total amount of $689.95 to resolve all claims that have been or could be asserted by Plaintiff." (Doc. 29-1 at 1.) Of the total settlement, Defendants will pay $100 to Plaintiff Maria Mabel Martinez. (Doc. 29-1 at 1.) This is $24.24 in excess of the $75.76 Plaintiff is owed in back pay and liquidated damages. (Doc. 30-3.) Additionally, of the total settlement amount, Defendants will pay $589.95 to Plaintiff's counsel for

- 4 -

Case 1:22-cv-00032-WO-JEP   Document 31   Filed 12/12/22   Page 4 of 7

actual costs. (Doc. 29-1 at 1.) The settlement does not include attorney's fees, and it appears Plaintiff's counsel has waived fees. (Doc. 30 at 13.)

On the first factor, though the parties have not conducted formal discovery, they engaged in sufficient investigation to evaluate the strengths and weaknesses of their case, supporting approval of the settlement. (See Doc. 30-1 at 2.) Plaintiff's counsel reviewed Defendants' payroll and timekeeping records, using this information to calculate the backpay owed to Plaintiff under the FLSA and the NCWHA. (See id. at 4.)

Second, the stage of the proceedings, as well as the the complexity, expense and likely duration of the litigation favor approving the settlement. Plaintiff's counsel determined that "there was insufficient evidence to proceed any further with the plaintiff's claims in this action for unpaid wages other than the workweek ending August 31, 2019." (See id.) A settlement avoids the time and expense of proceeding with discovery, motions practice, and a trial, and potential post-trials motions practice for claims lacking sufficient evidence.

Third, there is a presumption that settlement agreements are free from fraud or collusion in the absence of contrary evidence. Lomascolo, 2009 WL 3094955, at *12. This court conducted a hearing on December 5, 2022 to discuss the

possibility of settlement; neither party asserted fraud or collusion. Although Plaintiff initially retracted her authorization of the settlement, Plaintiff ultimately approved and signed the Settlement Agreement in court on the day of the hearing. (See Doc. 30-1 at 4.) Thus, this court finds that no evidence of fraud or collusion in the settlement.

Fourth, Plaintiff's counsel has experience litigating wage and hour claims for employees since 1979. (See id.)

Fifth, "the plaintiff's chance of success with respect to the NCWHA and FLSA claims that they alleged in their complaint (other than the one workweek ending August 31, 2019) was minimal. . . . In addition, . . . the plaintiff's chances of obtaining the permission of all or even most persons eligible to file a consent to sue under 29 U.S.C. § 216(b) were substantially worse than 50%." (Id. at 5.) Plaintiff's limited likelihood of success weighs in favor of settlement compared to the risk of a trial during which Plaintiff may not prevail.

Sixth and finally, the settlement amount is greater than the maximum amount Plaintiff could likely recover in backpay for the workweek ending on August 31, 2019, favoring approval of the settlement.

Therefore, taken together, the factors demonstrate the settlement is fair and reasonable.

## II. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the parties' Joint Motion to Approve Settlement Agreement and Dismissal with Prejudice, (Doc. 29), is **GRANTED**.

IT IS **FURTHER ORDERED** that the payment of settlement funds to Maria Mabel Martinez is approved.

**IT IS FURTHER ORDERED** that the payment of actual costs to Plaintiff's counsel shall be made in accordance with the terms of the Settlement Agreement, (Doc. 29-1).

IT IS **FURTHER ORDERED** that this court retains jurisdiction over this case for a period of 60 days for the purpose of resolving any issues pertaining to settlement administration. At the conclusion of the 60-day period, a final judgment will be entered and the above-captioned action will be dismissed with prejudice.

This the 12th day of December, 2022.

_William L. Osteen, Jr._
United States District Judge